UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**PARRIS WOODS,**

    **Plaintiff,**

vs.

                                      **CASE NO.:**

**NAZAR PROPERTIES LLC,**
**a Domestic Limited Liability**
**Company,**

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PARRIS WOODS ("Plaintiff"), by and through the undersigned counsel and hereby files this Complaint against the Defendant, NAZAR PROPERTIES LLC ("Defendant"), a Domestic Limited Liability Company, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## PARTIES

4. Plaintiff worked for Defendant as an Asset Manager in Georgia.

5. Plaintiff was employed by Defendant from approximately November 2015 until January 2019.

6. Upon information and belief, Defendant, NAZAR PROPERTIES LLC, is a residential and commercial rental and property management company with its principal office in Atlanta, Fulton County, Georgia.

## FLSA ENTERPRISE COVERAGE

7. At all material times (2018-2020), Defendant was an enterprise subject to the FLSA's provision on overtime wages.

8. At all times material hereto (2018-2020), Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

9. At all material times (2018-2020), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., paper, office supplies, telephones, other mobile devices, laptop and/or desktop computers)

10. Defendant's employees utilized and/or transported goods which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. paper, office supplies, telephones, other mobile devices, laptop and/or desktop computers).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by the Defendant as an Asset Manager from approximately November 2015 until January 2019.

15. Plaintiff's job duties included but were not limited to overseeing single-family properties, preparing rental agreements, collecting rent payments, and communicating with vendors for property repairs.

16. Plaintiff was paid on a weekly basis but did not receive overtime pay for hours worked in excess of 40 hours per work week.

17. Plaintiff was a full-time employee.

18. Plaintiff was required by Defendant to be available "on call" 24 hours a day for work order requests.

19. Plaintiff did not have any authority to hire employees.

20. Plaintiff did not have any authority to fire employees.

21. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

22. Plaintiff was assigned work by Defendant's ownership or upper management.

23. Plaintiff was assigned properties by Defendant's ownership or upper management.

24. Plaintiff had to request authorization from Defendant's ownership or upper management to complete work orders.

25. Plaintiff had to inform Defendant's ownership or upper management of supplies needed by maintenance workers to complete repairs and work orders.

26. Defendant's ownership or upper management would contact the vendors or stores to approve the purchase of supplies and provide a payment method.

27. Plaintiff had no financial authority regarding any aspect of his employment with Defendant.

28. Plaintiff was misclassified as an independent contractor by Defendant.

29. Plaintiff should have been classified as an employee by Defendant.

30. Plaintiff was an "employee" of Defendant within the meaning of FLSA.

31. Throughout his employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

32. Plaintiff worked an average of twenty (20) hours over 40 hours per week.

33. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

34. Plaintiff is eligible to be paid overtime pay at time and one half his regular rate.

35. Plaintiff has not been compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

36. Due to this pay policy or practice by the Defendant, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

38. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

39. Plaintiff complained to Defendant regarding how he was paid.

40. Defendant did not investigate Plaintiff's claims.

41. Because Defendant refused to correct the manner in which Plaintiff was paid, Plaintiff is owed overtime pay for all hours worked over 40 hours per week for the past three (3) years.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff re-alleges and incorporates paragraphs 1-41 as if fully set forth herein.

43. Plaintiff regularly worked in excess of forty (40) hours per week.

44. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

45. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

46. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

47. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

48. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

51. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

52. Based upon information and belief, Plaintiff was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

53. Plaintiff demands a trial by jury.

54. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this 2nd day of March , 2021

                Respectfully submitted,

                ***/s/ Anthony J. Hall***
                Anthony J. Hall, Esq.
                GA Bar No.: 318028
                The Leach Firm, P.A.
                631 S. Orlando Ave., Suite 300
                Winter Park, Florida 32789
                Telephone: (407) 574-4999
                Facsimile: (321) 594-7316
                E-mail: ahall@theleachfirm.com
                E-mail: npacheco@theleachfirm.com
                ***Attorneys for Plaintiff***