IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PARRIS WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No: |
| | ) | 1:21-CV-00867-CAP |
| | ) | |
| NAZAR PROPERTIES LLC, | ) | |
| a Domestic Limited Liability | ) | |
| Company, and NAZAR | ) | |
| HOLDINGS 8 LLC, a Domestic | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**JOINT MOTION FOR COURT APPROVAL
OF FLSA SETTLEMENT AND RELEASE AGREEMENT**

COME NOW the Parties to this action and hereby file this Joint Motion For Court Approval of their "FLSA Settlement And Release Agreement."

### I.   INTRODUCTION

Plaintiff commenced this lawsuit on March 2, 2021, alleging a claim for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. After exchanging information relevant to this case during the discovery period, the Parties were able to assess the potential for liability and damages, as well as the potential defenses available to the Defendants, and reached an agreement to resolve

this matter based on their understanding of the potential risks and rewards of proceeding to trial. The Parties reached this agreement at a magistrate court mediation held before the Honorable Walter E. Johnson ("Judge Johnson") in Rome, Georgia on November 29, 2021. Having reached an agreement at the mediation to settle this dispute, the Parties respectfully request that the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.     MEMORANDUM OF LAW

The Parties request that the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a settlement overseen by the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a district court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a district

court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties stipulate that they had a *bona fide* dispute on a number of issues and that the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in his First Amended Complaint a claim for alleged unpaid overtime wages in connection with his alleged former joint employment with Nazar Properties LLC and Nazar Holdings 8 LLC. The Defendants dispute that Plaintiff was an employee of either entity, that the two entities were joint employers, and that Nazar Properties is a covered entity under the FLSA. The Parties further dispute, even if Plaintiff was not an exempt employee under the FLSA, whether and to what extent he worked any unpaid overtime during his alleged employment. Finally, the Parties dispute whether liquidated damages or a potential third year of liability are appropriate. Absent proof of willfulness, neither Defendant can be held liable for any alleged FLSA violations in this case.

Despite their disagreement over liability and the extent, if any, of recoverable

damages, the Parties agree that the settlement reached through their negotiations represent a reasonable compromise of their *bona fide* dispute.  In discussing resolution of this matter, the Parties discussed and took into consideration factors such as the amount of claimed damages, the evidence supporting their respective positions regarding liability and damages, and Plaintiff's wage records to determine the potential damages available to Plaintiff.  While the Parties still dispute liability and the extent, if any, of available damages, the Parties were able to reach a compromise of their positions during settlement negotiations before Judge Johnson.  The Parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if he is successful.[1]

### III.     CONCLUSION

The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release all wage-related claims

---

[1] The Parties note that they are separately resolving an unrelated lawsuit pending in the Superior Court of Rockdale County involving a promissory note, and that the resolution of that claim is covered in a separate general release and supported by separate and independent consideration.

against Defendants in exchange for fair and reasonable consideration. The settlement entered into by the Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 21st day of December, 2021.

| | |
|---|---|
| */s/ Adeash A.J. Lakraj* | */s/ John D. Bennett* |
| Adeash A.J. Lakraj | John D. Bennett |
| Georgia Bar No. 444848 | Georgia Bar No. 059212 |
| Anthony J. Hall | Robert K. Young |
| Georgia Bar No. 318028 | Georgia Bar. No. 455566 |
| The Leach Firm, P.A. | Freeman Mathis & Gary, LLP |
| 631 S. Orlando Ave. | 100 Galleria Parkway |
| Suite 300 | Suite 1600 |
| Winter Park, Florida 32789 | Atlanta, Georgia 30339 |
| (T) 407.574.4999 | (T) 770.818.0000 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 21st day of December, 2021.

                                          **FREEMAN MATHIS & GARY, LLP**

                                          *s/ John D. Bennett*
                                          John D. Bennett
                                          Georgia Bar No. 059212

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PARRIS WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>NAZAR PROPERTIES LLC,<br>a Domestic Limited Liability<br>Company, and NAZAR<br>HOLDINGS 8 LLC, a Domestic<br>Liability Company,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action File No:<br>)  1:21-CV-00867-CAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FLSA SETTLEMENT AND RELEASE AGREEMENT

**1.** **Parties and Released Parties:**

This document sets forth the terms and conditions of the FLSA Settlement and Release Agreement ("Agreement") by and between Parris Woods ("Releasor") and Nazar Properties LLC (the "Company"). The term "Releasees" as used herein shall be defined as the Company and all of the Company's current and former corporate parents, subsidiaries, divisions, and affiliates, including Nazar Holdings 8 LLC, and current and former officers, directors, officials, employees, shareholders, servants, agents, officials, insurers, and attorneys in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

**2.** **Payment and Consideration:**

Following the effective date of this Agreement, as provided for herein, the Company will pay consideration as follows:

*pow 12/16/21*

   i. One check made payable to "Parris Woods" in the gross amount of Twenty-One Thousand One Hundred and Eighty-Six and 25/100 Dollars ($21,186.25), less all applicable taxes and withholdings required by law based on the Releasor's current W-4 document, in compensation for Releasor's claims for alleged unpaid wages and overtime, and which will be reported to Releasor on a Form W-2; and

   ii. One check made payable to "The Leach Firm" in the amount of Seventeen Thousand and 00/100 Dollars ($17,000.00), as consideration for the Releasor's alleged attorney's fees, costs, and expenses under the FLSA, and which will be reported to Releasor's counsel on a Form 1099.

 B. The checks set forth above will be mailed to Releasor's counsel, Adeash A.J. Lakraj, The Leach Firm, P.A., 631 S. Orlando Ave., Suite 300, Winter Park, Florida 32789, within ten (10) business days following the Effective Date of this Agreement, as provided for herein. Executed W9 forms from both Releasor and his counsel are necessary and a condition precedent to issue the above payments.

 C. Releasor acknowledges and agrees that the payments set forth above representing unpaid overtime wages and liquidated damages fairly compensate him for all alleged overtime and other wages allegedly owed to him by the Company.

**3.** **Motion to Approve Settlement and Effective Date**

 A. For and in consideration of the payments and benefits specified in paragraph 2, and other good and valuable consideration, Releasor agrees to dismiss with prejudice his First Amended Complaint for Damages that currently is pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Parris Woods v. Nazar Properties, LLC and Nazar Holdings 8, LLC*, Civil Action File No. 1:21-cv-00867-CAP ("the Civil Action").

 B. Following their execution of this Agreement, Releasor and the Company agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement to be filed in the public court record. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

 C. This Agreement shall become effective and binding upon Releasor upon



his execution of the Agreement and shall be irrevocable. The Agreement shall not become effective, however, with respect to the Company, and the Company shall have no obligation to make the payments set forth in paragraph 2, unless and until such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will not be binding upon the parties and will be null and void.

4. **Release of Claims:**

For and in consideration of the payments specified in paragraph 2, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, that arise by reason of or in any way are connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with: (a) the Civil Action; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act ("FLSA") or any other federal, state, or local wage and hour law; (c) any claims for retaliation under the FLSA; and (d) any claims for attorneys' fees, costs, or expenses pursuant to the FLSA or as otherwise may be allowed by any other federal, state, or local wage and hour law.

5. **Covenant Not To Sue:**

Unless otherwise prohibited by law, Releasor agrees, covenants, and warrants to the Company that neither Releasor, nor any person, organization, or other entity acting on Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any such suit or proceeding; or (c) execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement. Unless otherwise prohibited by law, in the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against Releasor for any conduct arising prior to the effective date of this Agreement, Releasor waives his right

Page 3 of 6



to personally recover any monetary amount in any such proceedings, and Releasor further agrees and covenants to return to the Company upon receipt any sums paid to or otherwise received by Releasor pursuant to any such claim.

6.   **Non-Admission:**

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 2, does not constitute any admission of liability or wrongdoing on the part of the Company or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied. The Company and Releasees specifically deny any liability to Releasor for any unpaid overtime, liquidated damages, or other alleged compensation due under the FLSA or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of litigation. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

7.   **Successors and Assigns:**

This Agreement shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns. Releasor represents and warrants that he has not assigned, sold, or otherwise conveyed any claim released herein.

8.   **Modification and Severability:**

A.   This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the Company.

B.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

9.   **Miscellaneous:**

A.   This Agreement is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of Releasor's claims. Releasor acknowledges that no

Page 4 of 6



promise or inducement has been offered or made except as set forth in this Agreement. Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which Releasor otherwise has no legal entitlement.

   B. Releasor acknowledges and agrees that he has had reasonable and sufficient time in which to consider whether or not he wishes to enter into this Agreement, and that his decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that he has the right and opportunity to consult fully with legal counsel or any other advisor of his choice prior to signing this Agreement, and that Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, Releasor acknowledges that, before signing this Agreement, Releasor has read and understands each paragraph herein.

   C. Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement. Releasor agrees to pay, and acknowledges that he remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against the Company or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained by the Company or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

   E. This Agreement may be executed electronically and in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Electronic, fax, and/or scanned signatures in lieu of original signatures are acceptable.

[<em>Signatures on following page</em>]

**IN AGREEMENT HERETO**, Releasor and the below representative of the Company do hereby set their hand and seal.

_[signature]_
Parris Woods

12/16/21
Date

DocuSigned by:
_[signature]_ Rajeev Kaila
8F1CB3B98BCF45A...
Rajeev Kaila
Nazar Properties, LLC

12/21/2021
Date

Page 6 of 6

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PARRIS WOODS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>NAZAR PROPERTIES LLC, )<br>a Domestic Limited Liability )<br>Company, and NAZAR )<br>HOLDINGS 8 LLC, a Domestic )<br>Liability Company, )<br>)<br>    Defendants. )<br>_____ | Civil Action File No:<br>1:21-CV-00867-CAP |

## JOINT MOTION FOR COURT APPROVAL
## OF FLSA SETTLEMENT AND RELEASE AGREEMENT

COME NOW the Parties to this action and hereby file this Joint Motion For Court Approval of their "FLSA Settlement And Release Agreement."

### I. INTRODUCTION

Plaintiff commenced this lawsuit on March 2, 2021, alleging a claim for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. After exchanging information relevant to this case during the discovery period, the Parties were able to assess the potential for liability and damages, as well as the potential defenses available to the Defendants, and reached an agreement to resolve

this matter based on their understanding of the potential risks and rewards of proceeding to trial. The Parties reached this agreement at a magistrate court mediation held before the Honorable Walter E. Johnson ("Judge Johnson") in Rome, Georgia on November 29, 2021. Having reached an agreement at the mediation to settle this dispute, the Parties respectfully request that the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.  MEMORANDUM OF LAW

The Parties request that the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a settlement overseen by the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a district court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a district

2

court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties stipulate that they had a *bona fide* dispute on a number of issues and that the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in his First Amended Complaint a claim for alleged unpaid overtime wages in connection with his alleged former joint employment with Nazar Properties LLC and Nazar Holdings 8 LLC. The Defendants dispute that Plaintiff was an employee of either entity, that the two entities were joint employers, and that Nazar Properties is a covered entity under the FLSA. The Parties further dispute, even if Plaintiff was not an exempt employee under the FLSA, whether and to what extent he worked any unpaid overtime during his alleged employment. Finally, the Parties dispute whether liquidated damages or a potential third year of liability are appropriate. Absent proof of willfulness, neither Defendant can be held liable for any alleged FLSA violations in this case.

Despite their disagreement over liability and the extent, if any, of recoverable

3

damages, the Parties agree that the settlement reached through their negotiations represent a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the Parties discussed and took into consideration factors such as the amount of claimed damages, the evidence supporting their respective positions regarding liability and damages, and Plaintiff's wage records to determine the potential damages available to Plaintiff. While the Parties still dispute liability and the extent, if any, of available damages, the Parties were able to reach a compromise of their positions during settlement negotiations before Judge Johnson. The Parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if he is successful.[1]

### III. CONCLUSION

The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release all wage-related claims

---

[1] The Parties note that they are separately resolving an unrelated lawsuit pending in the Superior Court of Rockdale County involving a promissory note, and that the resolution of that claim is covered in a separate general release and supported by separate and independent consideration.

against Defendants in exchange for fair and reasonable consideration. The settlement entered into by the Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this _____ day of December, 2021.

| | |
|---|---|
| */s/ Adeash A.J. Lakraj* | */s/ John D. Bennett* |
| Adeash A.J. Lakraj | John D. Bennett |
| Georgia Bar No. 444848 | Georgia Bar No. 059212 |
| Anthony J. Hall | Robert K. Young |
| Georgia Bar No. 318028 | Georgia Bar. No. 455566 |
| The Leach Firm, P.A. | Freeman Mathis & Gary, LLP |
| 631 S. Orlando Ave. | 100 Galleria Parkway |
| Suite 300 | Suite 1600 |
| Winter Park, Florida 32789 | Atlanta, Georgia 30339 |
| (T) 407.574.4999 | (T) 770.818.0000 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This ___ day of December, 2021.

                                             **FREEMAN MATHIS & GARY, LLP**

                                             *s/ John D. Bennett*
                                             John D. Bennett
                                             Georgia Bar No. 059212